U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 1 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____ , CLERK
              DEPUTY



# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BERTHA ANN POULLARD | : | DOCKET NO. 07-CV-1107 |
| VS. | : | JUDGE MINALDI |
| CONOCOPHILLIPS COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment, filed by defendant ConocoPhillips

Company (hereinafter "ConocoPhillips") [doc. 24]. The plaintiff, Bertha Ann Poullard

(hereinafter "Mrs. Poullard"), did not file an Opposition.

## FACTS

On April 29, 2004, ConocoPhillips and International Maintenance Company, L.L.C.

(hereinafter "IMC"), entered into a three-year Master Service Agreement for maintenance on the

ConocoPhillips Westlake facility.[1] On January 25, 2005, ConocoPhillips agreed to an

assignment of the Master Service Agreement to Turner Industries Group L.L.C. (hereinafter

"Turner").[2] The Master Service Agreement contains a statutory employer provision whereby

ConocoPhillips (the principal) and IMC (the contractor) agreed that IMC's work is integral to

ConocoPhillips' operations for purposes of La. Rev. Stat. Ann. § 23:1061(A), Louisiana's

---

[1] Def.'s Ex. C (Master Service Agreement).

[2] Def.'s Ex. D (Assignment).

1

statutory employer provision.[3]

Mrs. Poullard brought suit against ConocoPhillips to recover damages as a result of her husband's death.[4] On May 16, 2006, Arthur James Poullard was performing his duties with Turner as part of a permanent maintenance agreement for ConocoPhillips.[5] He reported the onset of a sudden illness, aspirated, and died.[6]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court

---

[3] Def.'s Ex. C (Master Service Agreement).

[4] Def.'s Ex. E (Compl.)

[5] *Id.* ¶ 3.

[6] *Id.* According to the defendant's summary judgment evidence, Mr. Poullard informed Mr. Aguillard that he wanted to go home because his stomach hurt. Def.'s Ex. A, pp. 11-12 (Robert Aguillard Dep.). Mr. Aguillard said he escorted Mr. Poullard to the contractor gate in a company truck. *Id.* at 13. Mr. Poullard began having convulsions, at which point Mr. Aguillard assisted him and called for help. *Id.* at 14-15.

Michael Rush, the Turner safety manager on site, responded and began treating Mr. Poullard. Def.'s Ex. B, p. 16 (Michael Rush Dep.). Mr. Rush then called for the ConocoPhillips Emergency Response Team and requested an ambulance. *Id.* At the hospital, Mr. Poullard was pronounced dead of hypertensive cardiovascular disease. Def.'s Mem. in Support of Mot. For Summary Judgment, at 3.

must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ANALYSIS

### A.) Statutory Employment

In Louisiana, when a principal

> undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person....the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him...

La. Rev. Stat. Ann. § 23:1061(A)(1). Thus, if a principal is a statutory employer, "workers' compensation is the exclusive remedy of the contractor's employee held to be a statutory employee of the principal, and the principal is immune from tort liability." *Lemaire v. Ciba-Geigy Corp.*, 99-1809 (La. App. 1st Cir. 6/22/01); 793 So.2d 336, 346.

Pursuant to La. Rev. Stat. Ann. § 23:1061(A)(3), if the principal and the employee's immediate employer have a written contract recognizing the principal as a statutory employer, there is a rebuttable presumption that the principal and the contractor's employees have a

statutory employer relationship. The employee may only overcome the rebuttable presumption by showing that the work is "not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.*

Here, the Master Service Agreement clearly delineates the relationship between ConocoPhillips and Turner by providing that Turner's work "shall be considered part of Company's trade, business, and occupation, for purposes of La. R. S. 23:1061(A)(1)."[7] The parties therefore have a written contract recognizing ConocoPhillips as the statutory employer. The Master Service Agreement creates a rebuttable presumption that ConocoPhillips is a statutory employer of Turner's employees, which Mrs. Poullard can overcome only by demonstrating that the work is "not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." La. Rev. Stat. Ann. § 23:1061(A)(3).

In her complaint, Mrs. Poullard alleges that Mr. Poullard was working as part of a permanent maintenance crew. Mrs. Poullard failed to file an Opposition, so this Court has no competent summary judgment evidence that would defeat the rebuttable presumption that ConocoPhillips is Mr. Poullard's statutory employer. Additionally, ConocoPhillips cites case law demonstrating that maintenance services are essential to the facility owner's ability to generate its goods, products, or services such that the facility owner is the statutory employer of the contractor's employees. *See, e.g., Smith v. Int'l Paper Co. et al.*, 2007 WL 1308390, *2 (05/03/2007). Because ConocoPhillips enjoys a rebuttable presumption that it was Mr. Poullard's statutory employer and Mrs. Poullard has not refuted that presumption,

---

[7] Def.'s Ex. C (Master Service Agreement).

ConocoPhillips is entitled to summary judgment. Mrs. Poullard's exclusive remedy is through workers' compensation.

### B.) Intentional Tort

Employers do not have general tort immunity when the employee is injured due to an intentional act. La. Rev. Stat. Ann. § 23:1032(B). Thus, employers–including statutory employers–have tort immunity for injuries arising from negligence. Louisiana courts have construed the intentional act exception narrowly. *Reeves v. Structural Preservation Sys.*, 731 So.2d 208, 211 (La. 1999). An act is intentional when "the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Id.* (citing *Bazley v. Tortorich*, 397 So.2d 475, 481 (La. 1981)).

There is nothing in the record that even alleges, let alone creates an issue of material fact, that ConocoPhillips engaged in conduct rising to the level of an intentional act. ConocoPhillips thus has tort immunity because Mr. Poullard was not injured from an intentional act; accordingly,

IT IS ORDERED that ConocoPhillips' Motion For Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that ConocoPhillips is hereby DISMISSED.

Lake Charles, Louisiana, this ___ day of ___, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE